Dear Representative Dill:
This opinion is issued in response to your request for an official ruling on the following question:
 "May a public school district by resolution of its board of directors grant graduation credit to students for driver's education or other courses taken by the students through an instructional program made available by a for-profit or not-for-profit corporation when a fee for taking the course is paid by the student to such corporation?"
You have provided the following set of facts connected with your question: the Affton Summer School, Inc., is a not-for-profit corporation organized to establish and conduct, on a nondenominational, nonsegregated, nonpolitical and nonprofit basis, a school for the education of students at the elementary and secondary levels during the summer months when the regular public schools are not in session. The corporation has circulated letters to students at Affton Senior High School advising them that the school district can no longer offer credit for a course for which a fee is charged. Pupils are invited to enroll in a driver's education program offered by the corporation for a fee of $40. Upon satisfactory completion of the course, the corporation will notify the Affton School District that the student has successfully completed the course and the school district, by resolution adopted by its board of directors, will grant credit toward graduation to the student.
You have also indicated that the teachers provided by the corporation will be qualified and certificated public school teachers, that the corporation contemplates providing other summer school courses to students to enable them to make up failed courses or to gain additional credits toward graduation.
None of the members of the board of directors of the school district is a director of the corporation. However, notice to pupils about the corporation's driver's education course offering indicates that the corporation's mailing address is that of Affton Senior High School and their telephone number is that of the Affton School District.
Article IX, Section 1(a) of the Missouri Constitution provides:
 "A general diffusion of knowledge and intelligence being essential to the preservation of the rights and liberties of the people, the general assembly shall establish and maintain free public schools for the gratuitous instruction of all persons in this state within ages not in excess of twenty-one years as prescribed by law."
In the case of Concerned Parents v. Caruthersville SchoolDistrict, 548 S.W.2d 554 (Mo.Banc 1977), the Missouri Supreme Court held that this constitutional provision "prohibits a school district from charging registration fees or fees for courses for which academic credit is given." 548 S.W.2d at 562.
In the situation you have presented us, the school district itself is not charging a fee for any course. Rather, it is granting credit for a course of instruction which the pupil may secure for a fee from the corporation.
A school district is a creature of statute, and has only such powers as granted by the legislature. Cape GirardeauSchool Dist. v. Frye, 225 S.W.2d 484 (St.L. Ct. of App. 1949). School districts such as Affton are authorized to establish and maintain summer schools, Section 178.280, RSMo Supp. 1975. That statute provides, however, that tuition may be charged only to those "who are not entitled to receive free public school privileges in that district." If the district were to operate its own summer school pursuant to Section 178.280, it would not be permitted to charge a fee for courses for which academic credit is offered.
The corporation is clearly an entity established with the sanction and cooperation of the school district. By granting credit for the courses offered for a fee by the corporation, the school district is attempting to accomplish indirectly what it may not do directly under the statute or the Constitution, i.e., require payment for a portion of the district's academic instruction. It is a fundamental rule that "what is forbidden to be done in a straight line may not be done in a crooked line. What is forbidden to be done directly may not be done indirectly or obliquely." State ex rel. Wander v. Kimmel, 256 Mo. 611,165 S.W. 1067, 1072 (1914); see also Harfst v. Hoegen, 349 Mo. 808,163 S.W.2d 609 (1942).
We recognize that school districts may grant credit for coursework which a pupil has undertaken for a fee at a school other than the public school. For example, a pupil who has attended a parochial school may be granted credit toward graduation for some or all of his coursework upon transfer to a public school. In these situations, the public school district generally exercises its discretion to determine which credits will be transferable in order to ensure that the pupil has met all the requirements of the public school for graduation.
In the instant situation, the public school will be granting credit on a wholesale basis for courses which it cannot afford to offer itself without fee. It is utilizing the corporation to expand (on a fee basis) its own curricular offerings. This practice is contrary to the intent of Article IX, Section 1(a) in that the pupils who are able to pay a fee to take advantage of the corporation's course offerings are afforded educational opportunities of which poor students are deprived. As stated above, the public school, by regularly granting credit for courses provided by the corporation, would be accomplishing indirectly what is forbidden to do directly. We conclude, therefore, that such a practice is prohibited by Article IX, Section 1(a) of the Missouri Constitution and the express holding of Concerned Parents v. Caruthersville School District,supra.
We wish to make clear that this opinion is limited to the factual situation here presented. We do not render any opinion as to the practices of a local school district regarding the transfer of credits for courses obtained by an individual pupil not previously enrolled in a public school. Nor do we suggest that under no circumstances may a pupil be granted credit for a course for which a fee was paid, especially where the course or one similar to it was offered without a fee by the district itself. Our ruling here is therefore limited to the facts you have presented.
CONCLUSION
It is the opinion of this office that a school district may not grant credit for courses for which a fee is paid to a not-for-profit corporation established to provide courses which the district itself cannot or does not provide.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Sheila Hyatt.
Very truly yours,
 JOHN ASHCROFT Attorney General